UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOANN H. GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-398 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment [Doc. 12], and the defendant's motion for summary judgment. [Doc. 14]. Plaintiff Joann Galloway seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's diabetes mellitus, obesity, left leg tendonitis, gout, vertigo, arthritis, sleep apnea, and upper respiratory infections are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the [sic] to lift/carry 20 pounds on an "occasional" basis and 10 pounds on a "frequent" basis; and stand, walk and/or sit about 6 hours during an 8-hour day avoiding more than occasional climbing of ramps/stairs, stooping, crouching, crawling, kneeling and balancing. She is precluded from any climbing of ropes, ladders and scaffolds. The claimant must have a sit/stand option so that she need not sit or stand for more than 1 hour at a time. Due to her breathing problems, she is precluded from work exposing her to dust, fumes, smoke, chemicals or noxious gases. Due to her psychological condition, the claimant is able to sustain concentration over extended periods for simple tasks. Detailed tasks would pose some difficulty at times but she would still be able to do the tasks.

2

Case 3:05-cv-00398   Document 16   Filed 04/28/06   Page 2 of 8   PageID #: 9

7. The claimant's past relevant work as a collar turner did not require the performance of work-related activities precluded by her residual functional capacity. (20 C.F.R. § 404.1565).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. § 404.1563).

9. The claimant has a "high school (or high school equivalent) education" (20 C.F.R. § 404.1564).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. § 404.1567).

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(g)).

(Tr. 27-28).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinion of her treating physician Dr. Wakham. Specifically, plaintiff notes that in Dr. Walker's assessment dated August 15, 2003, he stated that the plaintiff could lift less than 10 pounds occasionally and could stand and/or walk at least 2 hours in an 8-hour day, that she must periodically alternate sitting and standing to relieve pain and discomfort, never do pushing/pulling activities because the exertion could exacerbate her atrial fibrillation, and that she should never climb, balance, kneel or crawl and that she could only occasionally crouch and stoop. He further opined that plaintiff was limited in manipulative functions; could only occasionally reach, handle, finger and feel; and that temperature extremes and cardiac stress predisposes her to atrial fibrillation exacerbation and that humidity, wetness and chemicals predispose her to diabetic ulcers. (Tr. 429-32). Plaintiff contends that the ALJ did not credit Dr. Wakham's opinions because he believed that the opinions were based on the plaintiff's limitations attendant to the potential for atrial fibrillation exacerbation and her diabetic polyneuropathy. (Tr. 23-24).

Plaintiff also asserts that the ALJ failed to consider evidence in the record regarding the number of days each month that she needed to attend medical appointments, which adversely affects her ability to perform substantial gainful activity. Plaintiff notes that the list of appointments contains an average of four to five visits per month in 2004, an average of five hospital visits per month in 2003, and an average of about four visits per month in 2002 for the treatment of her medical conditions. She insists that the vocational expert ("VE") responded that plaintiff would be unable to retain work if she had to miss three or more days of work per month on average. (Tr. 618).

4

The Commissioner contends that substantial evidence supports the ALJ's decision that plaintiff could perform her past work as a collar turner. She maintains that the ALJ's residual functional capacity ("RFC") finding for light work is supported by the opinions of Drs. Summers, Lester, Moore, Kenney and Kopstas[1], along with the plaintiff's statements. She notes that consultative examiner Dr. Summers opined that plaintiff "should avoid strenuous exertional type activities" and would "have difficulty with bending, stooping, and lifting greater than 20 lbs" but could "tolerate all other work related activities" (Tr. 350) and that state agency, reviewing physician Dr. Lester opined that plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and sit and stand/walk for 6 hours each in an 8-hour workday, but could not climb ladders, ropes or scaffolds, but could occasionally assume all other postures. (Tr. 367-72). Further, the Commissioner notes that state agency physician Dr. Moore's opinion supports the ALJ's finding that plaintiff retained the RFC to perform at least a limited range of work, although the ALJ ultimately rejected Dr. Moore's opinion that plaintiff did not have any limitations. (Tr. 433-40).

Moreover, the Commissioner insists that plaintiff's reliance on Dr. Wakham's opinion is misplaced because the ALJ asked the VE to assume nearly all of the factors in Dr. Wakham's opinion and the VE identified a significant number of jobs that plaintiff could perform. The Commissioner acknowledges "minor differences" in Dr. Wakham's opinion and the hypothetical question, but insists that any differences are "insignificant and inconsequential" because plaintiff can perform a significant number of jobs given the restrictions identified by Dr. Wakham. In addition, the Commissioner points out that plaintiff's statements support the ALJ's

---

[1] Plaintiff does not challenge the ALJ's mental findings, so the opinions of Drs. Kenney and Kopstas (Kupstas) will not be addressed in this opinion. (Tr. 353-66).

5

finding regarding her physical abilities. She told Dr. Summers that she did not have any cardiac or diabetes-related problems, and although she complained of back, knee, elbow and foot pain, she stated that these problems were aggravated by lifting <u>more than</u> twenty pounds, standing/walking for more than 1 hour at a time, and repetitive pushing/pulling. (Tr. 347).

As for plaintiff's argument regarding her need to attend many doctor appointments each month, the Commissioner insists that there is no evidence that all of plaintiff's appointments needed to be scheduled during work hours or that she would need to miss an entire day of work for a doctor's appointment.

Plaintiff has the burden of proving she can no longer perform her past relevant work. <u>Smith v. Secretary of Health and Human Services</u>, 893 F.2d 106, 109 (6th Cir. 1989). The ALJ, who is charged with the responsibility to determine what medical restrictions a plaintiff is under and how such restrictions affect her RFC, <u>Maziarz v. Secretary of Health and Human Services</u>, 837 F.2d 240, 247 (6th Cir. 1987), determines the plaintiff's RFC and compares it to the requirements of her past work.

I find that the plaintiff has failed to meet her burden in this case. The ALJ relied on the opinions of consultative examiner Dr. Summers and state agency, reviewing physician Dr. Lester to find that plaintiff could perform light work. <u>Richardson v. Perales</u>, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence); 20 C.F.R. § 404.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians or psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation"). The

6

ALJ reasonably rejected Dr. Wakham's opinion that plaintiff could lift less than 10 pounds because the medical evidence does not support his opinion. Dr. Wakham expressed in his assessment that he based much of his opinion on plaintiff's atrial fibrillation, which the ALJ noted is controlled by medication and plaintiff confirmed this in his testimony at the hearing (Tr. 24, 602-04) Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987) (a condition controllable by medication is not disabling), and on her peripheral neuropathy, which the ALJ noted neither Dr. Wakham's nor Dr. Vora's treatment notes show a history of peripheral neuropathy. (Tr. 24, 429-32, 441-64, 515-48). However, I do note that Dr. Wakham's treatment note of May 21, 2003 mentions peripheral neuropathy. (Tr. 544). Thus, based on the foregoing, I find that the ALJ did not err in his consideration of Dr. Wakham's opinion.

Further, plaintiff spends much of her brief discussing the VE's findings and whether the hypothetical included Dr. Wakham's limitations and her need to be absent from work to go to doctor's appointments. However, questions regarding whether the hypothetical is accurate or complete are relevant **only** if the ALJ proceeds to a finding at Step 5. Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997) (VE testimony not required to find a claimant can perform her past relevant work). In the present case, the ALJ did not reach Step 5, but rather, found that plaintiff can perform her past relevant work as a collar turner. (Tr. 27). The ALJ did rely on VE testimony to classify as light work the plaintiff's past work as a collar turner, and thus, the ALJ concluded that plaintiff could perform her past work. (Tr. 27, 615). See Walker v. Secretary of Health and Human Services, 884 F.2d 241, 2145 (6th Cir. 1989) (VE's testimony may be considered in outlining the demands

7

of a claimant's past work and in assessing whether a claimant can perform her past work). In light of the foregoing, I find this issue to be without merit.

Accordingly, it is hereby **RECOMMENDED**[2] that the plaintiff's motion for judgment [Doc. 12] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).